UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN JOHN CRAIG,<br><br>    Petitioner,<br><br>    v.<br><br>CINDY BLACK, et al.,<br><br>    Respondents. | No. 2:22-cv-00200 AC<br><br>ORDER AND<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

Petitioner, a state pretrial detainee proceeding without counsel, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has paid the filing fee.

Under Rule 4 of the Rules Governing Section 2254 Cases, the court must review all petitions for writ of habeas corpus and summarily dismiss any petition if it is plain that the petitioner is not entitled to relief.[1] The court has conducted that review and recommends summarily dismissing petitioner's § 2241 application without prejudice based on the <u>Younger</u> abstention doctrine. <u>Younger v. Harris</u>, 401 U.S. 37 (1971).

/////

////

---

[1] Rule 1(b) of the Rules Governing Section 2254 Cases further provides that this court may "apply any or all of these rules" to any habeas petition. Therefore, this court applies these Rules to the pending § 2241 petition.

1

I. Factual Background

At the time of filing the § 2241 application, petitioner was housed at Napa State Hospital pending adjudication of criminal charges filed in the El Dorado County Superior Court. Petitioner names Cindy Black, the Executive Director, and Napa State Hospital as respondents in this action.

The petition presents four claims for relief. The first and third claims assert that petitioner was falsely arrested by the El Dorado Sheriff's Department. In his second claim, petitioner contends that respondents are being deliberately indifferent to his serious medical needs in the form of a retinal vein occlusion.[2] Lastly, petitioner asserts that his Public Defender and the Superior Court judge falsified documents and committed perjury in violation of his right to due process.

By way of relief, petitioner seeks the dismissal of his pending state criminal charges as well as his unconditional release from confinement.

II. Legal Standards

Under Younger, federal courts may not interfere with a pending state criminal prosecution absent extraordinary circumstances. Younger, 401 U.S. at 45; Potrero Hills Landfill, Inc. v. County of Solano, 657 F.3d 876, 882 (9th Cir. 2011). Abstention is appropriate if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) that implicates important state interests; (3) in which there is an adequate opportunity to raise constitutional challenges; and (4) the requested relief either seeks to enjoin, or has the practical effect of enjoining, the ongoing state judicial proceeding. See AmerisourceBergen Corp. v. Roden, 495 F.3d 1143, 1149 (9th Cir. 2007) (adding the "vital and indispensable fourth element…."). All four elements must be satisfied to warrant abstention. See AmerisourceBergen, 495 F.3d at 1149. If all of these factors are met, the federal court must abstain from ruling on the issues and dismiss the federal action without prejudice, unless there are extraordinary or special circumstances which pose an immediate threat of irreparable injury. See Perez v. Ledesma, 401 U.S. 82, 85 (1971) (limiting

---

[2] Petitioner requests that this court convert all or part of his petition to a 42 U.S.C. § 1983 action as appropriate.

2

1  "extraordinary circumstances" to those cases involving proven harassment by state officials,
2  prosecutions undertaken "in bad faith without hope of obtaining a valid conviction," or where
3  "irreparable injury can be shown."); Kenneally v. Lungren, 967 F.2d 329, 331–32 (9th Cir. 1992).

      III.     Analysis

It is apparent from the face of the petition that state criminal proceedings were still pending when petitioner filed his 28 U.S.C. § 2241 petition. ECF No. 1 at 1; see also Beltran v. State of California, 871 F.2d 777, 782 (9th Cir. 1988) (stating that for purposes of Younger abstention analysis, the pendency of state proceedings is determined "at the time the federal action was filed"). Second, the State of California's interest in prosecuting individuals charged with violating its laws is an important state interest. See Kelly v. Robinson, 479 U.S. 36, 49 (1986) ("This Court has recognized that the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief.") (citing Younger). Third, petitioner has the opportunity to raise his challenges to his arrest, the effectiveness of his trial lawyer, and any bias by the trial court judge in state court proceedings. See Duke v. Gastelo, 64 F.4th 1088, 1096 (9th Cir. 2023). Finally, with respect to the fourth element, the issues raised in the § 2241 petition threaten to interfere with petitioner's state criminal proceeding in a manner that contravenes Younger. If this court granted the requested relief, it would be directly interfering with state criminal proceedings in derogation of principles of federalism and comity. Petitioner does not establish any exception to Younger in his § 2241 petition. Nothing in the petition proves that the State of California has prosecuted petitioner in bad faith without hope of obtaining a valid conviction. For all these reasons, the court will recommend that petitioner's § 2241 application be summarily dismissed based on the Younger abstention doctrine.

This court has the discretion to construe petitioner's second claim for relief as a civil rights complaint pursuant to 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (district courts have discretion to construe a habeas petition attacking conditions of confinement as a complaint under section 1983 despite deliberate choice by petitioner to proceed on habeas), superseded by statute on other grounds as recognized in Woodford v. Ngo, 548 U.S. 81, 84

(2006).  However, as a practical matter, provisions of the Prison Litigation Reform Act of 1995 ("PLRA") complicate a court's decision to recharacterize a habeas petition as a civil rights complaint.[3]  See Pinson v. Carvajal, 69 F.4th 1059, 1075-1076 (9th Cir. 2023) (recognizing that "this general principle—that habeas petitions may be converted to civil-rights actions—predates the enactment of the PLRA, which significantly impacted a court's ability to convert a habeas petition into a civil rights action.").  Based on the PLRA provisions that apply to civil rights actions, it is recommended that the court decline to exercise its discretion to convert claim two into a § 1983 case.  Instead, petitioner's second claim for relief should be dismissed without prejudice to filing it a separate civil rights action.

Accordingly, IT IS HERBY ORDERED that the Clerk of Court randomly assign this matter to a district court judge.

IT IS FURTHER RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus be summarily dismissed without prejudice.
2. The court decline to exercise its discretion to convert claim two into a civil rights action pursuant to 42 U.S.C. § 1983 and that this claim be denied without prejudice to filing as a separate civil rights action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case.  See Rule 11, Federal Rules Governing Section 2254 Cases (the district

---

[3] A review of court records indicates that petitioner has filed multiple civil rights actions in this court which have all been dismissed.  See Craig v. Cissna, No. 2:18-cv-02505-MCE-AC (E.D. Cal.); Craig v. Agostini, et al., No. 2:18-cv-03044-WBS-AC (E.D. Cal.); Craig v. El Dorado County Sheriff, et al., No. 2:21-cv-01622-DAD-DB (E.D. Cal.); Craig v. Pierson, et al., No. 2:22-cv-00708-TLN-DB (E.D. Cal.).

court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant).  Where, as here, a habeas petition is dismissed on procedural grounds, a certificate of appealability "should issue if the prisoner can show:  (1) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling;' and (2) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right.'"  Morris v. Woodford, 229 F.3d 775, 780 (9th Cir. 2000) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 6, 2024

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE