UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Norman John Craig, | No. 2:22-cv-0200 KJM AC P |
| Petitioner, | ORDER |
| v. | |
| Cindy Black, et al., | |
| Respondents. | |

Petitioner, a state pretrial detainee proceeding pro se, filed an application for a writ of habeas corpus under 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2024, the magistrate judge filed findings and recommendations, which were served on petitioner and which contained notice to petitioner that any objections to the findings and recommendations were to be filed within fourteen days. *See* F & Rs, ECF No. 5. Petitioner has not filed objections to the findings and recommendations.

The court agrees with the magistrate judge's recommendation that petitioner's habeas petition should be dismissed based on *Younger v. Harris*, 401 U.S. 37 (1971). *See* F & Rs at 3. The court also agrees with the magistrate judge's recommendation not to convert petitioner's second claim for relief into a § 1983 claim. *See id.* at 3–4. The court does so, however on slightly different grounds. The magistrate judge found that the Prison Litigation Reform Act of

1

1995 "complicate[s] a court's decision to recharacterize a habeas petition as a civil rights complaint." *Id.* at 4 (citing *Pinson v. Carvajal*, 69 F.4th 1059, 1075–76 (9th Cir. 2023)). The relevant standard for converting a habeas petition into a § 1983 claim is whether the claim is amendable to conversion on its face. *See Pinson*, 69 F.4th at 1076 (citing *Nettles v. Grounds*, 830 F.3d 922, 936 (9th Cir. 2016)). Here, the petition is not amenable to conversion on its face because the petitioner does not seek damages, only release, the dismissal of the charges against him, and an injunction preventing the sheriff of El Dorado County from pressing any further charges against him. *See* Pet. Habeas Corpus at 8, ECF No. 1. Because the relief requested does not comport with the relief a federal court can actually grant under § 1983, the court finds the petition is not amenable for conversion. *See Pinson*, 69 F.4th at 1076 (declaring habeas petition not amenable to conversion because petitioner did not seek money damages or appropriate equitable relief).

    Accordingly, IT IS HEREBY ORDERED that:

    1. The findings and recommendations (ECF No. 5) are adopted in full.

    2. Petitioner's application for a writ of habeas corpus is summarily dismissed without prejudice.

    3. The court declines to exercise its discretion to convert claim two into a civil rights action pursuant to 42 U.S.C. § 1983 and this claim is denied without prejudice to filing as a separate civil rights action.

    This resolves ECF No. 5

DATED: February 7, 2025.

_____
UNITED STATES DISTRICT JUDGE